AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

FILED
May 01, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Adriana Quezada
    DEPUTY

| | |
|---|---|
| United States of America<br>v.<br>Guillermina TIBURCIO-Morales<br><br>*Defendant(s)* | Case No. EP:25-MJ-__2087__-ATB |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 1, 2025__ in the county of __El Paso__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1546(a) | when applying for admission to the United States, did knowingly personate another and attempt to evade immigration laws by appearing under an assumed or fictitious name. |

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

_____
Complainant's signature

John P Rodriguez
CBP Enforcement Officer

Sworn to before me and signed in my presence.

Date: May 1, 2025

City and state: El Paso, Texas

_____
Judge's signature
Anne T. Berton
United States Magistrate Judge

Complaint sworn to telephonically on __May 01, 2025__ at __01:09 PM__ and signed electronically. FED.R.CRIM.P. 4.1(b)(2)(A)

## FACTS

That on or about April 30, 2025, the DEFENDANT, Guillermina TIBURCIO-Morales, a citizen and native of Mexico, applied for admission to enter the United States from Mexico at the Area Port of Ysleta, in El Paso, Texas as a passenger in a vehicle. The DEFENDANT presented to the Customs and Border Protection Officer (CBPO) a State of Texas Driver License bearing the name and photograph of another and representing herself to be that person with the initials F.D.C. CBPO asked the DEFENDANT, what was the purpose for to coming to the United States, she replied "to visit my boyfriend". CBPO asked the DEFENDANT to provide her address, and she replied, "I don't remember since I just recently moved." CBPO asked the DEFENDANT to provide her previous address, she did not respond. CBPO asked the DEFENDANT to provide her mother's last name, she replied with the middle name on the driver license. CBPO asked the DEFENDANT if she had another last name, she replied, "No." CBPO asked the DEFENDANT for her father's last name, she replied, "I don't have a father." CBPO asked the DEFENDANT if she was married, she replied, "No." CBPO escorted the DEFENDANT to Vehicle Secondary for further inspection.

In Vehicle Secondary, CBPO interviewed the DEFENDANT with several inconsistencies on her declaration and was escorted to Passport Control Secondary.

In PCS, the DEFENDANT was interviewed by a CBPO. The DEFENDANT was asked to write down her name and place of birth. The DEFENDANT wrote the name provided on the Texas driver license F.D.C. and began to write El Paso, she scratched it out and wrote Juiton, Texas. The DEFENDANT was asked what the purpose of her trip to the United States was and stated she was coming to a restaurant in El Paso to meet with her cousin, but did not know the name of the restaurant. CBPO asked the DEFENDANT what country she was a citizen of, she replied "United States Citizen." CBPO asked the DEFENDANT where she was born, she replied "El Paso, Texas." CBPO asked the DEFENDANT where she lives, she replied," in Juarez, Mexico". CBPO asked the DEFENDANT to provide her address in Mexico, she replied, "I don't know the address." CBPO asked the DEFENDANT when the last time was she had crossed into the United States, she replied "15 days to 3 weeks ago." CBPO read the Title 18 United States Code 1001 statement to the DEFENDANT which she understood and signed the statement. CBPO asked the DEFENDANT again for her full name, she replied with name on the state of Texas driver's license with initials F.D.C. Again, the CBPO asked the DEFENDANT to provide her true name, she replied her true name was Guillermina TIBURCIO-Morales, was a citizen and national of Mexico. The DEFENDANT was served her Miranda Rights, and the DEFENDANT invoked her right to have an attorney present during questioning, all questioning ceased. The DEFENDANT fingerprints were digital scanned, and records revealed that the DEFENDANT has been voluntary returned to Mexico twice from the United States. An immigration checks revealed that the DEFENDANT has not applied for or possess a legal document to enter or reside the United States.

Because this Affidavit is being submitted for the limited purpose of establishing probable cause as set forth herein, I have not included each and every fact known to me concerning this investigation.

## CRIMINAL AND IMMIGRATION RECORD

**CRIMINAL RECORD:**

**None can be established at this time.**

**IMMIGRATION RECORD:**

| | |
|---|---|
| 09/10/2020 | Title 42 |
| 09/15/2020 | Title 42 |